UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) No. 2:14-CR-109 |
| | ) |
| JAMES KERBY FRY | ) |

**MEORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant James Kerby Fry's Pro Se Motion for Early Termination of Supervised Release [Doc. 53], and the United States's Response in Opposition [Doc. 54]. On June 6, 2016, Mr. Fry pleaded guilty to one count of possession of a firearm by an unlawful user and addict of a controlled substance, in violation of 18 U.S.C. § 922(g)(3). [Plea Agreement, Doc. 26, at 1]. Mr. Fry was sentenced to 120 months' imprisonment with a term of 3 years of supervised release to follow. He now moves the Court for early termination of his term of supervised release, which began when he was released from Bureau of Prisons' custody on August 17, 2023. In support of his motion, Mr. Fry provides that he has met all conditions of his supervised release, passed all drug screens, attended substance abuse treatment, maintained employment and a stable residence, and furthered his education through completing a computer certification course.

The United States Probation Office for the Eastern District of Tennessee has responded to Mr. Fry's motion, stating that his conduct on supervision has been exemplary and confirming that there have been no known instances of non-compliance. Further, the United States Probation Office does not have a specific opposition to the early termination of Mr. Fry's supervised release but does not go as far as to recommend it as his history contains several

instances of violent conduct. Likewise, the United States Attorney's Office commends Mr. Fry for his progress while on supervised release but does not recommend early termination of his term of supervised release based on that violent conduct.

While the Court also commends Mr. Fry for his progress and effort throughout his term of supervised release, compliance with supervised release terms does not guarantee early termination of supervision. See *United States v. Whitehouse*, No. 3:08-CR-185, 2016 WL 3951146, at *1 (E.D. Tenn. July 20, 2016) ("[M]ere compliance with the requirements of supervision is not a sufficient reason to shorten [the defendant's] term of supervised release.", *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y. 2005) (acknowledging that a defendant's re-assimilation into pre-incarceration life is "commendable" but is "expected of a person on supervised release" and therefore "do[es] not constitute the 'exceptional behavior' contemplated in the precedents"). Rather, the decision to terminate a defendant's supervised release lies exclusively in the Court's discretion. *United States v. Atkin*, 38 F.App'x 196, 198 (6th Cir. 2002). Once a defendant has completed one year of his term of supervised release, the Court may – in its discretion – terminate the remainder of that term if, after considering the relevant factors under 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3582(e)(1).

Having considered the relevant factors under § 3553(a), which the Court need not address in detail, the Court is not satisfied that Mr. Fry's conduct and the interest of justice warrant early termination of his supervision. See *United States v. Suber,* 75 F. App'x 442, 444 (6th Cir. 2003) (rejecting the argument that a district court, when denying a request for early termination, has to provide more than a general statement of its reasons under § 3553(a)'s factors). Mr. Fry's instant offense, possession of a firearm by an unlawful user and addict of a

controlled substance, is sufficiently serious, especially considering his history of violent conduct, to warrant his continued supervision. Further, Mr. Fry's history of substance abuse and related offenses weigh in favor of his continued supervision.

The Court finds that continuation of Mr. Fry's supervision is necessary to reflect the seriousness of the offense, deter him from engaging in further criminal conduct, and protect the public from any further instances of criminal conduct. Therefore, Mr. Fry's Motion for Early Termination of Supervised Release [Doc. 53] is **DENIED**.

So ordered.

ENTER:

s/ J. RONNIE GREER
_____
UNITED STATES DISTRICT JUDGE
